UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Hayward L. Rogers, | ) | C/A No. 2:15-1886-TMC-MGB |
| *a/k/a Heyward Leon Rogers*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Alan McCrory Wilson, *Esq.*, | ) | |
| R. Knox McMahon, *Judge*, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Hayward L. Rogers, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections.  He alleges violations of his federal constitutional rights.

**Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a

pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

### Discussion

Plaintiff states that he filed an application for post-conviction relief (PCR) in the Court of Common Pleas for the Eleventh Judicial Circuit (Lexington County) of South Carolina on August 8, 2012,[1] raising various grounds for relief including ineffective assistance of PCR counsel, PCR appellate counsel, and direct appeal counsel; denial of discovery; actual innocence; newly and after discovered evidence; denial of a lawful competency evaluation; and evidence of material facts not previously presented. Plaintiff asserts that Defendants have failed to respond to his motions, petitions, pleadings, and letters in his PCR action. He claims that Defendants have violated his First,

---

[1] This appears to be Plaintiff's third PCR application. Plaintiff was convicted (jury trial) in 2001 on charges of first degree criminal sexual conduct (two counts), kidnapping, strong armed robbery, and assault and battery with intent to kill. He received concurrent sentences of life without the possibility for parole as to each charge, with the exception of a sentence of fifteen years incarceration on the charge of strong armed robbery. After a direct appeal, Plaintiff filed his first PCR application in October 2004, and his second PCR application in September 2010. Plaintiff filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 in this court, which was dismissed with prejudice in May 2013. Rogers v. Cartledge, No. 2:12-1858-TMC, 2013 WL 2338617 (D.S.C. May 29, 2013).

Eighth, and Fourteenth Amendment rights by denying him access to the courts, denying him due process, and subjecting him to cruel and unusual punishment. Complaint, ECF No. 1 at 3-4.

Plaintiff asks that this court compel Defendants to provide him with evidence including copies of search warrants, grand jury proceedings, and state law enforcement DNA results. He also requests that the court compel Defendants to proceed with the pending PCR action including scheduling an evidentiary hearing and appointing counsel for him (in the PCR action). ECF No. 1 at 5. Records from Lexington County indicate that Plaintiff's PCR action is presently pending, and that a status conference was recent held (on May 29, 2015). See Lexington County Eleventh Judicial Circuit Public Index, http://cms.lex-co.com/SCJDWeb/PublicIndex/CaseDetails.aspx?County=32 &CourtAgency=32002&Casenum=2012CP3203237&CaseType=V (last visited June 9, 2015).

Plaintiff appears to request that this court intervene in his pending PCR action. However, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). Even though Plaintiff was convicted of the charges against him in a jury trial, his pending PCR application is still part of his "pending criminal case" as that terminology is understood under Younger and its progeny. See, e.g., Howell v. Wilson, No. 4:13-2812-JFA-TER, 2014 WL 1233703 (Mar. 25, 2014)(applying Younger as to Plaintiff's request that the district court provide direction to state court judges as to Plaintiff's PCR, criminal, and/or DNA testing cases); Smith v. Bravo, No. 99 C 5077, 2000 WL 1051855, *5 (N.D.Ill. 2000)(presuming that Younger abstention would apply to civil case that could interfere with post-conviction proceedings); Lockheart v. Chicago Police Dep't, No. 95 C 343, 1999 WL 639179, *2 (N.D.Ill. Aug. 17, 1999)(applying Younger because post-conviction proceedings were pending).

3

In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)("Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."); cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)(federal courts cannot review state court proceeding in appellate sense); Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts). Here, Plaintiff acknowledges (and public records from Lexington County confirm) that his PCR case is still pending. Thus, there is no indication that Plaintiff is foreclosed from raising the issues he asserts in his Complaint and having them ruled on in his ongoing PCR action. Thus, this court should not intervene in Plaintiff's pending PCR proceedings.

To the extent that Plaintiff is asking this court to direct South Carolina employees to perform certain actions, Plaintiff appears to be seeking relief in the nature of mandamus. See Black's Law Dictionary 980 (8th ed. 2004) (Defining mandamus as "[a] writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly."). A writ of mandamus is a drastic remedy which is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own

jurisdiction. See 28 U.S.C. § 1361; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d at 587–88 & nn. 2–4. A federal district court may generally issue a writ of mandamus only against an employee or official of the United States. Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275–76 (5th Cir. 1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); see also In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001)(collecting cases); In re Carr, 803 F.2d 1180, 1180 (4th Cir. Oct. 24, 1986) (unpublished opinion) (same). In Davis v. Lansing, 851 F.2d 72 (2d Cir. 1988) the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" Id. at 74; see also Craigo v. Hey, 624 F.Supp. 414 (S.D.W.Va.1985). In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. See Craigo, 624 F.Supp. at 414. Thus, this court does not have jurisdiction to order Defendants (employees of the State of South Carolina) to take the requested actions.

Defendant Judge McMahon is entitled to absolute judicial immunity from suit for all actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"); accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)(discussing judicial immunity

5

of United States District Judges and United States Circuit Judges). Section 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No 104–317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see Donato Malave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013)(noting that the precedent established by Pulliam v. Allen, 466 U.S. 522 (1984),[2] was "abrogated by the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847, which amended § 1983 and provided that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" (citation omitted)). As Plaintiff has not alleged that either of these prerequisites for injunctive relief has been satisfied, any claim for injunctive relief against Judge McMahon is also subject to summary dismissal. See, e.g., Rickman v. Logan, No. 5:14cv00011, 2014 WL 1654898 (W.D.Va. Apr. 25, 2014)(dismissing § 1983 action which included a request for injunctive relief, because the defendant was entitled to judicial immunity). Therefore, Judge McMahon is also entitled to dismissal as a party Defendant based on the doctrine of judicial immunity.

---

[2]The Supreme Court held in Pulliam v. Allen, 466 U.S. 522 (1984), that judicial immunity did not extend to injunctive relief.

**<u>Recommendation</u>**

Based on the foregoing, it is recommended that the court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 10, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

8