IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hayward L. Rogers, | ) |
|                Plaintiff, | ) C/A No. 2:15-1886-TMC |
| v. | ) **OPINION & ORDER** |
| Alan McCory Wilson, and | ) |
| R. Knox McMahon, Judge, | ) |
|                Defendants. | ) |

Plaintiff Heyward L. Rogers' ("Rogers"), a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 10). Plaintiff was advised of his right to file objections to the Report. (ECF No. 10 at 8). Plaintiff timely filed objections. (ECF No. 15).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a

timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In his Complaint, Rogers raises several allegations regarding a state post-conviction relief ("PCR") he filed in August 2012. (Compl. at 3). He alleges violations of his due process rights and denial of access to the courts. (*Id.* at 4). Rogers asks this court to compel Defendants to provide him with evidence, including copies of search warrants, transcripts of the grand jury proceedings, and DNA test results, and schedule a hearing in the pending state PCR proceeding. (Compl. at 5). Noting that federal courts do not have the jurisdiction to compel action by state officials, and Defendant Judge R. Knox McMahon is entitled to judicial immunity, the magistrate judge recommended dismissal of this action without prejudice and without service of process. (Report at 4-6).

As noted above, Rogers timely filed objections, including 87 pages of attachments. Although most of his objections are not specific, the court was able to glean the following two objections. First, Rogers contends that this case involves extraordinary circumstances, his actual innocence, which would allow this court to intervene. Second, Rogers contends that Judge McMahon is not entitled to judicial immunity because he has refused to schedule a hearing on Rogers' pending state PCR action.

First, as the magistrate judge determined, the relief which Rogers seeks is clearly in the nature of mandamus relief. "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, a federal court does not have jurisdiction to grant mandamus relief against state officials. *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). As the Defendants in this action are state

officials, this court does not have jurisdiction to issue a writ of mandamus against them.

Additionally, as to Judge McMahon, it is well established that judges enjoy immunity from suit for actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987).[1]  While Rogers is apparently not seeking any monetary damages against Judge McMahon, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37 (1971)(absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings). *See also Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). In *Cinema Blue*, the Fourth Circuit Court of Appeals ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  *Id.* at 52.  Therefore, any request for a hearing in Rogers' pending state PCR action may be presented in state court.

Accordingly, the court adopts the Report (ECF No. 10) and this action is **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

                                                     s/Timothy M. Cain
                                                     United States District Judge

Anderson, South Carolina
July 16, 2015

---

[1] Rogers also seeks appointment of counsel in this case. (Compl. at 5).  However, because this action is being summarily dismissed, Rogers is not entitled to the appointment of counsel. *Jackson v. James Ludvick, P.O.*, 1995 WL 42256, *1 (S.D.N.Y., Feb.2, 1995) (magistrate judge's order denying appointment of counsel because case subject to dismissal).

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.